*H. C. Lilly*, for appellants. *William Lindsay*, for appellee.

---

## M. E. Spray *v.* John Wright.

[Abstract Kentucky Law Reporter, Vol. 1—67.]

Homestead Exemption.

A petition of a married woman, not showing that she and her husband were occupants and owners of the house and lot and housekeepers with a family prior to the creation of the debt for which the property was subjected, fails to state a cause of action on a claim of a homestead exemption.

APPEAL FROM DAVIESS CIRCUIT COURT.

June 1, 1880.

OPINION BY JUDGE HINES:

The petition sets up no claim of title in appellant to the property in controversy, except the claim of homestead as the wife of A. Spray. She alleges that "her husband, A. Spray, is now and was at and before said suit was brought, and ever since has been, a bona fide housekeeper with a family, and this plaintiff has occupied said premises as a place of residence with her said husband." To this there is a denial that appellant was a housekeeper, but no specific denial that A. Spray was a housekeeper. Without proof and on the face of the pleadings the court dissolved the injunction previously granted and dismissed the petition.

Without regard to the answer the judgment of the court was correct. The petition does not show that appellant and her husband were occupants and owners of the house and lot and housekeepers with a family prior to the creation of the debt for which the property was subjected. Besides, the denial that appellant was a housekeeper with a family was a substantial denial that her husband was a housekeeper with a family. If appellant objected to the form of the denial she should have moved the court to cause appellee to make it more specific; but the parties having manifestly treated the answer as a denial of the material allegations of the petition, and it also being manifest that substantial justice has been attained, the judgment is *affirmed.*

*Little & Slack, for appellant.*

*Owen & Ellis, G. W. Ray, for appellee.*