CASE 27.—MOTION BY M. S. TYLER TO HAVE HIS FEE AS
       ATTORNEY ADJUDGED A LIEN ON THE FUNDS
       REALIZED FROM A JUDGMENT HELD BY C. AND
       C. B. SLEMP.—February 14, 1906.

# Tyler v. Slemp, &c.

Appeal from Jefferson Circuit Court; Chancery
Branch (First Division).

SHACKELFORD MILLER, Judge.

Motion overruled and Tyler appeals.   Reversed.

Attorney and Client—Compensation—Lien.—Where an attorney
    was employed on commission to enforce a judgment, but
    his name did not appear on the records, and the judgment
    was assigned, without notice to the assignee of his employ-
    ment, he was nevertheless entitled to a lien on the amount
    recovered, it not having been paid over, for his agreed com-
    mission, notwithstanding Ky. Stat. 1903, sec. 107, relating to
    the enforcement of attorneys' liens, and providing that, if
    the record shows the name of the attorney, the defendant
    shall have notice of the lien; this provision being for the
    benefit of the defendant alone.

CHAS. CARROLL, W. S. PRYOR and HAZELRIGG & HAZEL-
RIGG for Appellant.

JOHNSON & HIEATT and SAMPSON & SAMPSON for
Appellee.

(No briefs, record misplaced.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

In 1891 the firm of Miller, Debard & Everitt

recovered a judgment in the Harlan circuit court against the Commonwealth Land & Lumber Company for $10,196.14. It was stipulated in the judgment that $4,225 was for the use and benefit of Middleton & Pace. A lien was adjudged upon certain lands in Harlan county to secure the judgment. In 1892 Miller, Debard & Everitt and Middleton & Pace, through their attorneys, Stone & Sudduth, filed suit in the Jefferson circuit court to enforce the collection of the judgment. This suit was still pending in 1900, when M. S. Tyler was employed by Debard's executrix to look into the action and see what the prospect was of her realizing anything out of it. He made the investigation, and subsequently she sold her interest in the judgment to Middleton & Pace. After this some correspondence took place between Middleton & Pace and Tyler, which resulted in the following written contract being entered into: "This agreement witnesseth: That M. S. Tyler has this day agreed with Middleton & Pace to represent them in the suit of Miller, Debard & Everitt, etc., v. Commonwealth Land & Lumber Company, etc., No. 308, pending in the chancery division of the Jefferson circuit court, and the other suits consolidated therewith, and push the same to a conclusion as rapidly as possible. and for his services as their attorney said Middleton & Pace are to pay him a fee equal to ten per cent of the amount realized by said Middleton & Pace in said actions, the same not to be paid until or except as the same is collected. This May 2d, 1901. (Signed) M. S. Tyler. Middleton & Pace." The suit progressed until a sale of the land was had, but before the proceeds of the sale were distributed Middleton & Pace assigned all their interest in the judgment to appellees Slemp, without any notice to them of Tyler's employment, and when there was nothing of record to

apprise them of it. After their purchase Tyler entered a motion to have his fee, as shown by his written contract, adjudged a lien upon the funds realized from the judgment. Appellees objected to the motion, and, their objection having been sustained, Tyler appeals.

It is manifest that, if Middleton & Pace had remained the owners of the judgment, Tyler would, as between him and them, be entitled to the fee claimed by him under his contract. But it is insisted for the Slemps that, as they purchased without notice of his claim, he cannot assert it against them. The rule as to the purchase of a judgment is thus stated in Freeman on Judgments, section 429: "In the purchase of a judgment the rule of caveat emptor applies. If the vendor has no title, the vendee can obtain none, though the vendor, once having title, has transferred it without knowledge of his vendee. This rule is equally applicable, whether the second transfer is voluntarily made by the plaintiff or results from a levy and sale under execution." This rule was followed by this court in Miller v. Field, 10 Ky., 104; Pearson v. Talbot, 14 Ky., 435, and Mackey v. Beckel, 1 Ky. Law Rep., 67. In Columbia Finance & Trust Company v. First National Bank, 116 Ky. 364, 76 S. W., 156, 25 Ky. Law Rep., 565, the court said: "The rule of caveat emptor applies to sales of choses in action as in other sales of personal property, and if the seller has sold the thing to one person, and therefore has no title to pass to a second, the latter takes nothing by his purchase. The assignee's right of action is without prejudice to any discount, set-off, or defense the debtor has before notice of the assignment. Ky. St. 1903, section 474; Civil Code Prac., section 19. The purpose of the notice is to protect the debtor in such defenses innocently acquired. It

adds nothing to the assignee's title, which is perfect,
as between him and the assignor or those claiming
under him, from the time of the assignment. While
the precise question appears not to have been directly
passed on heretofore by this court, the principles
announced lead to the conclusion indicated." See,
also, Brown v. Lapp, 89 S. W. 304, 28 Ky. Law Rep.
409.

In Jones on Liens, 226, it is said: "An attorney's
lien is superior to the rights of a third person who is
assignee of the judgment, for the assignee has no
greater equities than the assignor had; and, though
the assignee had no notice of the lien, this may be
enforced as against him." See, also, Gist v. Hanly,
33 Ark., 233; Sexton v. Pike, 8 Eng (Ark.), 195; and
McCain v. Portis, 42 Ark., 402. In the last case, which
was not unlike this, the court said: "It is obvious
no one can sell a fund in court as a fund. It is not
in the control of any vendor. There can be no
delivery of the thing itself. One can only transfer
an equitable right to his net interest in the fund when
that may be adjusted, and in the adjustment all par-
ties must contemplate that the court will, before
ordering it out, subject it to all claims upon it prop-
erly brought to the notice of the court in favor of any
other parties, or in favor of any officer of the court
rendering services concerning the subject-matter. It
is like one partner selling his interest in a particular
asset, whether it be an article of property or debt due
the firm. He cannot convey to any one a right in the
substance, to one-half to be plucked out clean, but
only a resultant interest after settlement of partner-
ship affairs. The question here is whether, under
our system, a solicitor's fee in chancery, properly
claimed and brought to the notice of the court, is to be
taken into the account in making adjustment of the

net interest of the party vendor. If the chancellor may do that, then the parties purchasing such interests pendente lite buy in contemplation of that, and take only that net interest so diminished.''

Appellees, however, rely on section 107, Ky. St. 1903: ''Attorneys-at-law shall have a lien upon all claims or demands, including all claims for unliquidated demands put into their hands for suit or col lection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, or, in the absence of such agreement, for a reasonable fee for the services of such attorneys; and if the action is prosecuted to a recovery, shall have a lien upon the judgment for money or property which may be recovered—legal costs excepted—for such fee; and if the records show the name of the attorney, the defendant in the action shall have notice of the lien; but if the parties before judgment, in good faith, compromise or settle their differences without the payment of money or other thing of value, the attorney shall have no claim against the defendant for any part of his fee.''

It is insisted that, as the record of the action did not show the name of the attorney, he has no lien against the appellees under the statute. The clause of the statute relied on is for the protection of the defendant in the judgment. If the Commonwealth Land & Lumber Company had paid Middleton & Pace the money without notice of Tyler's lien, and when the record did not show his name, it would have been protected. The purpose of this provision of the statute is precisely the same as the purpose of the provision as to notice in the case of other assignments. The notice is for the protection of the debtor. But in the case at bar the money has not been paid over. The fund is yet in court, and neither Middle-

ton & Pace nor the Commonwealth Land & Lumber Company could be heard to complain of the payment of Tyler's fee, if Middleton & Pace still owned the judgment. The action was pending when Tyler was employed. The claim was put in his hands for collection when he was employed. It had been prosecuted to a recovery, and by the terms of the statute he has a lien upon the judgment. This lien in his favor is superior to the claim of the Slemps, for by their purchase from Middleton & Pace they only took such rights as Middleton & Pace then held, and Middleton & Pace at that time held the judgment subject to Tyler's lien thereon for his fee.

Judgment reversed, and cause remanded for a judgment as herein indicated.

Judge Nunn dissents.